The COLUMBO v. DILL. See Case No. 3,-040.

## Case No. 3,041.

### The COLUMBUS.

[1 Abb. Adm. 37.][1]

District Court, S. D. New York. July, 1847.

OBJECTION TO COMMISSIONER'S REPORT — SALE OF CARGO — SEPARATION OF GOODS.

1. An objection to the regularity of a commissioner's report cannot be brought forward by exception to the report; but should be raised by motion founded upon the irregularity.

2. An exception to a commissioner's report draws in question only the reasons upon which the report is founded.

[Cited in The Rhode Island, Case No. 11,743; The E. C. Scranton, Id. 4,272.]

3. A cargo of goods, being in part damaged and in part sound, was sold at auction by the consignees, without separation of the sound from the unsound. Held, that it was the duty of the master, not of the consignees, to make such separation, if requisite to obtain a favorable sale; and that the want of it did not prevent the consignees from relying upon the auction price as showing the value of the goods as damaged.

4. How far sales at auction are sanctioned in such cases.

[Cited in Crosby v. Grinnell, Case No. 3,422.]

In admiralty. This was a libel in rem by Gustavus Loenig and Charles Schneider

[1] [Reported by Abbott Brothers.]

against the bark Columbus, to recover damages for injuries received by goods shipped on board the bark to the libellants as consignees.

A large quantity of corks, amounting to nearly ten thousand gross, were shipped at Bordeaux, on board the Columbus, consigned to the libellants, at the port of New York. The usual bill of lading was signed by the master. As is usual with such goods, the corks were packed by the consignees in small packages, called pockets, containing about fifty gross of corks each, and these pockets were again packed in bales, in a stouter covering. For convenience of stowage, the master of the vessel cut open the bales, and, taking out the pockets, stowed them in the hold. In consequence of this, a large portion of the corks were found, upon unlading, to be much damaged by wetting, &c. They were taken into the libellants' warehouse; and, after some negotiation with the master of the vessel respecting the liability of the vessel for the loss, they were sent by the libellants, with the assent of the master, to auction, and sold as damaged. The libellants then instituted this action to recover for the injury.

The cause having been referred to a commissioner, to report the amount of libellants' damages. he made his report, dated April 5, 1847, estimating those damages at $232.

The cause now came before the court upon exceptions taken to the report by both libellants and claimants. The grounds of these exceptions sufficiently appear in the opinion.

Francis B. Cutting, for libellants.
E. C. Benedict, for claimants.

BETTS, District Judge. The claimants take two exceptions to the report of the commissioner in this case, dated April 5, 1847, and they have set the cause down for hearing upon those exceptions.

The libellants also except to the report upon the ground that the commissioner had already on March 29, 1847, made and filed his report in the cause, a copy of which duly certified by the clerk, had been delivered to them; and that the subsequent report made April 5, was unauthorized and void. They have set this exception down for hearing.

In respect to the latter exception, it is clear that the regularity or irregularity of the report of April 5 cannot be determined in this manner. An exception to a commissioner's report goes to the merits of his decision, and reaches no further than to bring before the court for consideration, the adequacy of the grounds in law or fact, upon which the report is founded.

For the purposes of such investigation, the report must be assumed to have been made within the scope of the order of reference. An exceptive allegation to a proceeding in a cause has, in the civil law, the character of a plea (Wood, Civ. Law, bk. 4, c. 3; 2

Browne, Civ. & Adm. Law, 361, 362; Betts, Adm. Pr. 48), and cannot properly be employed in the admiralty practice to determine the regularity of the acts of an officer of the court, not incorporated in and constituting a substantive part of the proceeding excepted to (Betts, Adm. Pr. 38).

The objection raised by the libellants, being extraneous to the merits of the case, should have been brought forward by motion founded upon the alleged irregularity. Upon such motion the facts upon both sides would be brought out, and the court would be enabled to determine whether tho fact was as the exception charged, or was unjustifiable or injurious.

The exception taken by the libellants must be overruled, because it does not, as I understand it, touch the matter reported upon by the commissioner.

The first exception taken by the claimants is to the allowance of $232 by the commissioner as the amount of damages sustained by the libellants. It is urged that the proofs do not warrant an allowance for the injury the corks received on shipboard, or during their transportation, exceeding one cent and a half the gross; at which rate the amount would be less than $150.

A witness, experienced in the trade, gave it as his opinion that the corks could have been picked over by hand, before the sale, and the damaged ones separated from the sound, at an expense of about one cent per gross. If this course had been pursued, the corks would doubtless have sold to better advantage, and the loss sustained have been considerably reduced. It appears, on the evidence, that this would have been a tedious and troublesome process, and I do not think it devolved upon the libellants to assume the hazard or cost of the undertaking. It was the duty of the master if of any one, to separate the sound from the unsound, and deliver to the libellants that portion of the cargo which was sound, and compensate them for that which was deficient or deteriorated. In default of his so doing, the vessel must make good the damages ascertained by the testimony of competent witnesses, or determined by an actual sale of the merchandise.

Sale by auction is in the great marts of commerce so commonly resorted to by merchants to ascertain the value of deteriorated merchandise, that it may almost amount to an usage of trade. It furnishes, cheaply and promptly, all the accuracy which can be expected in any known measure of damages, and it is peculiarly fitting, in cases of this character, that the court should sanction and sustain it as the method best adapted to protect the interests of all parties concerned.

The present case, however, does not afford an occasion rendering it necessary to pronounce upon the sufficiency in law of the public sale to determine the value of these goods after the injury was received, because the witnesses who appraised the corks in their damaged condition, testified that they considered the prices brought at the auction sale to have been fully equal to their value. That value would show not only that the deficiency or damage was equal to $232, but, as I understand the evidence, that it may probably have considerably exceeded that sum.

The first exception of the claimants is accordingly overruled.

The second of the claimants' exceptions relates to the form of the report, and does not appear to have any practical bearing or effect, or to be entitled to weight.

The exceptions upon both sides are accordingly disallowed, without costs to either party.

The case came before the court again in January, 1848, upon exceptions to a further report of the commissioner, when the effect of the sale by auction, in fixing the value of the goods in their damaged state, was further discussed. See the report of the case [Case No. 3,042].